UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE DIVISION

IN RE:

JOHNNY LITTLE                                                                                    CASE NO. 11-70272
MARY LITTLE

DEBTOR

RUTH HALL, ET AL.                                                                                        PLAINTIFFS

V.                                                                                                ADV. CASE NO. 11-7017

JOHNNY LITTLE AND
MARY LITTLE                                                                                            DEFENDANTS

**MEMORANDUM OPINION**

The issue before the Court is whether a debt owed to the Plaintiffs Ruth Hall, Patty Ann Decoursey, Mioni Hall, Andrea Lynn Carter, and Judy Hall Woosley (the "Plaintiffs") by the Defendant Debtors John and Mary Little (the "Debtors") by virtue of a state court judgment is non-dischargeable under 11 U.S.C. §523(a)(19). Because the debt does not arise from a securities law violation, §523(a)(19) does not apply and the Plaintiff's Complaint shall be dismissed.

**Facts**

The following facts are taken as true for purposes of the parties' cross-motions for judgment on the pleadings. The Plaintiffs and the Debtors were parties to civil litigation in Knott Circuit Court wherein the Plaintiffs sought to enjoin the Debtors from blocking their use of a road through the Debtors' property for access to a family cemetery owned by the Plaintiffs. The Knott Circuit Court ultimately entered an order in the Plaintiffs' favor permanently enjoining the Debtors from obstructing the roadway.

1

The Debtors failed to comply with the court-ordered injunction and the Knott Circuit Court entered an order holding the Debtors in contempt and directing the Debtors to pay the Plaintiffs $200 per day until the obstructions were removed.   The Debtors apparently did not remove the obstructions nor did they pay the court ordered fine for failure to do so, and on November 15, 2010, an order was entered by the Knott Circuit Court reducing the unpaid fines to judgment in the amount of $34,200.00 (the "Judgment").

The Debtors filed for Chapter 7 bankruptcy on April 19, 2011.  The Plaintiffs then filed this adversary proceeding on May 9, 2011 claiming that the Judgment of $34,200.00 was non-dischargeable pursuant to 11 U.S.C. §523(a)(19)(B)(i).

The parties have filed cross-motions for judgment on the pleadings [Docs. 8 & 9] pursuant to Fed. R. Civ. P. 12(c), made applicable to these proceedings by Fed. R. Bank. P. 7012.  The Plaintiffs contend that the Judgment is non-dischargeable as "a judgment order or decree entered in a State judicial proceeding" under §523(a)(19)(b)(i).  The Debtors argue that the Plaintiffs have cited §523(a)(19)(B)(i) in isolation and when §523(a)(19) is read in its entirety, it is not applicable because the Judgment is not the result of a state or federal securities law violation.

**Analysis**

For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true.  *See JP Morgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581-82 (6th Cir. 2007).  A motion for judgment on the pleadings shall be granted if no material issue of fact exists, and the moving party is entitled to judgment as a matter of law.  *Id.*  Taking the Plaintiff's allegations in their Complaint as true, the Defendant is nevertheless entitled to judgment as a matter of law because Plaintiff has failed to allege facts supporting all required elements of §523(a)(19).

Pursuant to §523(a)(19),

2

> (a)  A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge any individual debtor from any debt –
>
> ….
>
>> (19)  that –
>>
>>> (A)  is for –
>>>
>>>> (i)  the violation of any of the Federal securities laws (as that term is defined in section 3(a)(47) of the Securities Exchange Act of 1934), any of the State securities laws, or any regulation or order issued under such Federal or State securities laws; or
>>>>
>>>> (ii)  common law fraud, deceit, or manipulation in connection with the purchase or sale of any security; *and*
>>>
>>> (B)  results, before, on, or after the date on which the petition was filed, from –
>>>
>>>> (i)  any judgment, order, consent order, or decree entered in any Federal or State judicial or administrative proceeding;
>>>>
>>>> (ii)  any settlement agreement entered into by the debtor; or
>>>>
>>>> (iii)  any court or administrative order for any damages, fine, penalty, citation, restitutionary payment, disgorgement payment, attorney fee, cost or other payment owed by the debtor.

11 U.S.C. §523(a)(19) (emphasis added).  The statute, read as a whole, applies only to debt arising from a federal or state securities law violation.  To prevail, a plaintiff must allege and prove the elements of both subsections (A) and (B).  The Judgment at issue here arises from a land dispute and order holding the Debtors in contempt and is clearly not within the purview of §523(a)(19).

## Conclusion

For the foregoing reasons, the Defendant Debtors' Motion for Judgment on the Pleadings [Doc. 8] shall be granted, the Plaintiffs' Motion for Judgment on the Pleadings [Doc.

3

9] shall be denied and the Plaintiffs' Complaint [Doc. 1] shall be dismissed. A separate order shall be entered accordingly.

Copies To:

Frank Belhasen, Esq.

Frank Medaris, Esq.

4

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



**Signed By:**
*Tracey N. Wise*
**Bankruptcy Judge**
**Dated: Monday, August 08, 2011**
**(tnw)**